UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANDREW GRESCHNER, ) | 1:06-CV-01092 OWW LJO HC |
| Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. ) | |
| KEN CLARK, Warden, ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

Petitioner is currently in custody of the California Department of Corrections. He challenges his 1984 convictions in the United States District Court for the District of Kansas for first degree murder and conspiracy to commit murder. He was sentenced to two consecutive terms of life in prison.

Petitioner moved for a retrial, but this was denied by the court. Petitioner then appealed the

---

[1] This information was derived from the petition for writ of habeas corpus.

convictions to the Tenth Circuit Court of Appeals. On September 25, 1986, the Tenth Circuit affirmed the conviction. Petitioner petitioned for a writ of certiorari to the United States Supreme Court which was denied.

On September 5, 1993, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. On June 8, 1995, the sentencing court denied the motion.

On July 12, 1995, Petitioner appealed to the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed the district court ruling on October 10, 1996. On October 21, 1996, Petitioner moved for rehearing or rehearing en banc, and the motion was subsequently denied.

On August 18, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges the trial court committed instructional error in the manner it instructed the jury on self-defense. He contends the trial court erred by instructing the jury to disregard Petitioner's defense, that of premeditated self-defense. He alleges this resulted in a directed verdict against Petitioner by establishing the element of malice as a matter of law. He states he has presented these claims in his prior petitions and appeals, but he contends they were not ruled on by the courts.

**JURISDICTION**

A prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.

1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255 petition to avoid 28 U.S.C.§ 2244(b)'s constraints on second petitions.[2] However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner makes the claim that § 2255 is inadequate and ineffective. Petitioner contends he has presented his claims to the previous courts but those courts did not rule on his claims. The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. The Ninth Circuit has acknowledged

---

[2] Petitioner states that § 2255 relief is foreclosed because he has already filed and been denied a first § 2255 motion.

that "[o]ther circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits.  Id. Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying conviction.  Id.

It is clear that Petitioner's arguments do not demonstrate the § 2255 forum to be inadequate or ineffective. First, as Petitioner concedes, he has had several unobstructed procedural opportunities to present his claims, and he has done so. Whether the earlier courts specifically ruled on his claims is beside the point. The savings clause can only be satisfied if Petitioner has been denied the *opportunity* to present his claims, which he concedes he has not. The savings clause does not serve as a further level of appeal. Moreover, the Court notes that the earlier courts did in fact address Petitioner's claims. In its 1995 order reviewing Petitioner's motion pursuant to § 2255, the Kansas District Court specifically stated:

> Greschner's repeated refrain in the instant motion is that the court's answers, in effect, instructed the jury to disregard Greschner's defense of "premeditated self-defense," i.e., that Greschner felt threatened, prepared to defend himself with a knife, and then was faced with an attack in which he had to defend himself . . . .

See p. 8, Exhibit B, Petition. Thus, Petitioner's contention that his claims were never ruled on is without merit.

Petitioner further contends he cannot seek further relief by way of a § 2255 motion because he has already filed a first § 2255 motion. In Moore v. Reno, the Ninth Circuit stated, "the dismissal of a § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy." 185 F.3d 1054, 1055 (9th Cir.1999). In addition, Petitioner may petition the Tenth Circuit to file a second or successive § 2255 motion.

Petitioner's arguments fail to satisfy the savings clause. The instant petition should be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 14, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE